# HERBERT C. KETCHUM v. ZEELAND MERCANTILE COMPANY, a Corporation.

(150 N. W. 453.)

**Action for specific performance — trial de novo — corporation — treasurer — authority to contract.**

Upon a trial de novo, in an action for specific performance of a contract to sell real estate, performed by the plaintiff, evidence is examined, and it is held sufficient to authorize a judgment for specific performance; also that the contract was binding upon the corporation defendant under both actual and ostensible authority in the treasurer to enter into and partially perform the same, as was done; that the statute of frauds is of no avail as a defense.

Opinion filed December 12, 1914.

From a judgment of the District Court of McIntosh County, *Allen,* J., defendant appeals.

Affirmed.

*Hugo P. Remington,* for appellant.

It must clearly appear that the officer of a corporation who executes a contract for the sale of land has authority to do so. Such does not appear in this case, and there was no valid contract. Ballou v. Bergvendsen, 9 N. D. 285, 83 N. W. 10.

There was no ratification, and consequently there can be no estoppel. Morris v. Ewing, 8 N. D. 99, 76 N. W. 1047; Fargo v. Cravens, 9 S. D. 646, 70 N. W. 1053.

*Franz Shubeck,* for respondent.

There was a valid contract in this case. Letters, notes, and memoranda passed between the parties, referring to the identical land, may be sufficient to constitute a contract. Townsend v. Kennedy, 6 S. D. 47, 60 N. W. 164.

When one holds another out to the world as his agent, the question is not what authority was intended to be given the agent, but, rather, what authority third persons dealing with him were justified in believing him to have, from all the acts of the principal. Aldrich v. Wilmarth, 3 S. D. 523, 54 N. W. 811; 9 Cyc. 511.

A voluntary acceptance of the benefits resulting from the acts of the

agent is a consent to all the obligations arising from it, so far as the facts are known or ought to be known by the principal. Work v. Cowhick, 81 Ill. 317; Dedrick v. Ormsby Land & Mortg. Co. 12 S. D. 59, 80 N. W. 153.

A principal cannot avail himself of the benefit of the unauthorized acts of his agent, and repudiate obligations created. Wyckoff v. Johnson, 2 S. D. 91, 48 N. W. 837; Chase v. Redfield Creamery Co. 12 S. D. 529, 81 N. W. 951; Mitchell v. Knudtson Land Co. 19 N. D. 736, 124 N. W. 950.

The contract deposited with the attorney for delivery operated as an escrow. 3 Words & Phrases, 2464; Shep. Touch. 7th ed. 59; Bowker v. Burdekin, 11 Mees. & W. 147, 12 L. J. Exch. N. S. 329, 8 Eng. Rul. Cas. 599; Millership v. Brookes, 5 Hurlst. & N. 797, 29 L. J. Exch. N. S. 369; Whelan v. Palmer, 58 L. T. N. S. 937, L. R. 39 Ch. Div. 648, 57 L. J. Ch. N. S. 784, 36 Week. Rep. 587; Naylor v. Stene, 96 Minn. 57, 104 N. W. 685; Stitt v. Rat Portage Lumber Co. 96 Minn. 27, 104 N. W. 561.

Part performance of an oral contract for the sale of land, which performance is of benefit and is accepted by the other party, is sufficient to take the case out of the statute of frauds. Stewart v. Tomlinson, 21 S. D. 337, 112 N. W. 849; Mitchell v. Knudtson Land Co. 19 N. D. 736, 124 N. W. 947; Reed v. Coughran, 21 S. D. 257, 111 N. W. 559; Naylor v. Stene, 96 Minn. 57, 104 N. W. 685; Fairbanks v. Meyers, 98 Ind. 92; Bean v. Clark, 30 Fed. 225; Russell v. Freer, 56 N. Y. 67; Whitaker v. Richards, 134 Pa. 191, 7 L.R.A. 749, 19 Am. St. Rep. 684, 91 Atl. 501; Street v. Chapman, 29 Ind. 142; Ballou v. Bergvendsen, 9 N. D. 285, 83 N. W. 10.

There is an equitable estoppel against the defendant. It is bound by its acceptance of benefits under the contract. It is guilty of laches in asserting its so-called claims, and in not having the sale set aside. New Orleans Nat. Bkg. Asso. v. Le Breton, 120 U. S. 765, 774, 30 L. ed. 821, 824, 7 Sup. Ct. Rep. 772; French v. Powers, 120 N. Y. 128, 24 N. E. 296; Martin v. Gray, 142 U. S. 236, 35 L. ed. 997, 12 Sup. Ct. Rep. 186; McBride v. Gwynn, 33 Fed. 402; Terbell v. Lee, 40 Fed. 40; Ex parte Branch Sons, 53 Ala. 140; 35 Century Dig. col. 2506; Walker v. Schum, 42 Ill. 462; Leonard v. Taylor, 12 Mich. 398; Lockwood v. McGuire, 57 How. Pr. 266; Babcock v. Perry, 8

Wis. 277; Meehan v. Blodgett, 86 Wis. 511, 57 N. W. 291; Kessler v. Ensley Land Co. 123 Fed. 546.

A person who knowingly stands by and sees, and by his silence permits, another to deal with his property as though he were its owner, to the injury and detriment of another who is innocent, is bound by it. 2 Pom. Eq. 3d ed. § 818; Michigan Paneling Mach. & Mfg. Co. v. Parsell, 38 Mich. 475; Hanner v. Moulton, 138 U. S. 486, 34 L. ed. 1032, 11 Sup. Ct. Rep. 408; Alabama G. S. R. Co. v. South & North Ala. R. Co. 84 Ala. 570, 5 Am. St. Rep. 401, 3 So. 286; Lindsay v. Cooper, 94 Ala. 170, 16 L.R.A. 813, 33 Am. St. Rep. 105, 11 So. 325; 2 Pom. Eq. 3d ed. cases cited in notes 2 and at p. 1451; Cases cited in note to Hagan v. Ellis, 63 Am. St. Rep. 173; Engholm v. Ekrem, 18 N. D. 185, 119 N. W. 35.

Goss, J.   Suit in equity to compel specific performance of an alleged oral contract to convey real estate, performed on the part of the purchaser, the plaintiff.   Title is in defendant.   The answer is a general denial.   The property is a village lot, alleged to have been sold plaintiff by defendant corporation for a consideration of $75.   Part of a livery barn subsequently has been built on the lot, and balance fenced.   Defendant relies upon an alleged want of authority of its officials to sell this real estate, and also upon the statute of frauds.

It is established, by at least a preponderance of the evidence, that the treasurer of defendant, one Lew Feinstein, also shown to be ostensibly the active manager of defendant, sold this lot to plaintiff in behalf of the corporation.   Several hundred dollars' worth of personal property was sold at the same time with the lot and as a part of the same transaction, and upon the sale of which a part payment of $25 was made.   This payment was made by a check in evidence, the receipt of the proceeds of which by defendant is uncontroverted.   The evidence is sufficient to sustain the trial court's finding that a written receipt was also then given plaintiff by said corporation, "which receipt stated upon its face that it was received in part payment upon said lot, and that said receipt had been lost."

The defendant was in the mercantile business at Zeeland.   Its minutes and by-laws disclose Lew Feinstein to have been its treasurer, and his mother, Sarah Feinstein, its president and manager, at all times in

·question; that the board of directors had the "general charge, control, and supervision of the business of said corporation;" that the treasurer and his father and mother were majority shareholders, holding two thirds of the corporate stock. The three Feinsteins constituted the majority of the board of directors. Both the president and general manager, the mother, and the son admittedly were present when the deal was made, and both had knowledge of the receipt of the initial payment thereon, although the mother seeks to disclaim knowledge, and charged that her son acted without authority. The circumstances strongly refute her contention. A statement of account rendered by the corporation to plaintiff is in evidence. One of the items therein charged against plaintiff, along with the personal property then sold, and other various items of merchandise later sold and delivered him, is "lot, $75." It shows total payments of $503, and debits in which the lot item is included, of $645. All credits, excepting $169, was paid at or after the charge made on the books for the lot. Defendant's books of account show the same charges and credits. It is admitted that plaintiff's promissory note for the $142, balance due, was taken by defendant, upon which plaintiff afterward paid $35. The lot sale was made October 14th, and the note closing balance of account was given in March following. Next August plaintiff notified defendant that he was ready to pay the balance of the note, $123, as soon as defendant could deliver him a deed to the lot. Both Feinstein and plaintiff then went to the village banker, the former taking defendant's deed along with him. The banker notified them of the fact that the defendant corporation did not own the lot, and could not give title by its deed, and that the title was outstanding in one Borofsky. Plaintiff had on deposit the amount of the note, and he then issued his check for said amount, running to the defendant, and delivered it to the banker, who, in the presence of both Feinstein and plaintiff, made the following memorandum of agreement as there entered into between plaintiff and defendant, the latter acting by its said treasurer. "This is to certify that Herbert C. Ketchum has this day deposited the sum of $123.75, to be paid to the Zeeland Mercantile Company as soon as clear title to lot No. 5 in block No. 5, in the town of Zeeland is furnished. Also a receipt in full for all indebtedness to the above stated incorporation to date. The attached check and note is to bind each party to fulfil the

above obligation." Defendant was given a copy of this agreement. Both parties fully agreed to said conditions. Feinstein, in defendant's behalf, delivered up plaintiff's note, and it and check were attached to this memorandum agreement, and left in the banker's hands August 15th. During the previous fall, plaintiff had built a portion of a livery barn on said premises, and made other valuable improvements thereon. The lot was only about 100 feet from the defendant's place of business. On cross-examination, treasurer fails to satisfactorily explain why, if defendant's contention be correct, he caused this memorandum agreement to be made; and why he went with plaintiff to the bank, admittedly taking with him a deed to this property and plaintiff's note to defendant; or why the corporation books, and also the account as rendered as above to plaintiff, each and all evidence a sale of the property. Admittedly, too, the defendant, soon after August 15th, procured the outstanding title, apparently to convey the lot to plaintiff in performance of the contract. These circumstances amply support plaintiff's straightforward testimony, while the testimony of the defense is probably false, and always evasive and unsatisfactory. About this time, too, and concededly *after the transaction at the bank,* plaintiff's brother contested the homestead entry of Lew Feinstein. Immediately trouble began, and this lawsuit was in embryo. Although the treasurer and the other members of the corporation have endeavored to find some defense, it is transparently clear that this contest is the cause of this litigation, and until then no thought of refusal to convey this lot to plaintiff had ever been entertained by defendant's managing officers. The actions of the parties, the books of account, the written note and memorandum referred to, the knowledge of all the officers of the corporation, of its books, and all these transactions, including the many payments made, final settlement by note, the fact that the sale of the lot was made by the treasurer, with his mother, the manager and president of the corporation, present, with the father and one other director, the secretary, assisting in running the corporation business; and with knowledge in all of them that within thirty days after the initial payment had been made on the lot, plaintiff had assumed control and started to build thereon, and occupied it for nearly a year, as well as the total failure of the defense on facts,—all lead to the only conclusion possible under the evidence, and that is, that the defense is utterly without

merit.   These facts render needless any extended discussion of the statute of frauds.   The initial payment, subsequent payments, attempted performance by defendant, and the memorandum agreement, and performance thereunder, take the case from under the operation of that statute.   As to the authority of the corporation to sell real estate, the corporate by-laws in evidence disclose who are the officers, directors, and managing officials, and establish actual authority in the president and treasurer to do in its behalf all they have done.   The facts as to ostensible authority, including the plaintiff's proof thereon, not recited, also would be ample to support findings as to ostensible authority and bind the corporation on that score.   Then, again, defendant is estopped to deny said contract, or question the authority of its officials acting for it, as it is retaining a portion, if not all, of the proceeds of the sale of this lot, when the whole record is considered, besides having allowed plaintiff to spend many times the price of the lot on the improvements thereon, all with full knowledge of the source of plaintiff's claims of ownership therein.   The decision of the trial court is in all things affirmed.   Respondent will recover costs on this appeal.